PAUL S. GERDING JR. #017237
ANDREW L. MCNICHOL #031557
KUTAK ROCK LLP
8601 North Scottsdale Road, Suite 300
Scottsdale, AZ  85253-2742
(480) 429-5000
paul.gerdingjr@kutakrock.com
andrew.mcnichol@kutakrock.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erick Ndwiga,<br><br>              Plaintiff,<br><br>v.<br><br>Plaza Insurance Company; RTWI, Inc.; and Todd Jeffrey Sime,<br><br>              Defendants. | NO.: 2:18-cv-02324-SPL<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants Plaza Insurance Company, RTW, Inc.,[1] and Todd Jeffrey Sime ("**Plaza**," "**RTW**," "**Sime**," and, collectively, "**Defendants**") hereby respond as follows to Plaintiff Erick Ndwiga's ("**Plaintiff**") Complaint and affirmatively assert as follows.

**PARTIES**

1.   Upon information and belief, Defendants admit that Plaintiff is a resident and citizen of the State of Arizona.

2.   Defendants admit the allegations contained in the introduction of paragraph 2 (but not the subparts) of the Complaint.

---

[1] Upon information and belief, Plaintiff has misnamed the defendant RTW, Inc. as "RTWI, Inc." This Answer is filed on behalf of RTW, Inc. which Defendants believe Plaintiff has misnamed as "RTWI, Inc." Upon information and belief, there is no corporation authorized to do business in the state of Minnesota that is named "RTWI, Inc."

4824-9505-7266.1

1         a.     Defendants admit the allegations contained in paragraph 2a of the Complaint.

        b.     Defendants are without sufficient information to determine the truth or falsity of the allegations contained in paragraph 2b of the Complaint and, therefore, deny same.

        c.     Defendants are without sufficient information to determine the truth or falsity of the allegations contained in paragraph 2c of the Complaint and, therefore, deny same.

        d.     Defendants are without sufficient information to determine the truth or falsity of the allegations contained in paragraph 2d of the Complaint and, therefore, deny same.

        e.     Defendants are without sufficient information to determine the truth or falsity of the allegations contained in paragraph 2e of the Complaint and, therefore, deny same.

        f.     Defendants are without sufficient information to determine the truth or falsity of the allegations contained in paragraph 2f of the Complaint and, therefore, deny same.

3.     Defendants admit the allegations contained in the introduction of paragraph 3 (but not the subparts) of the Complaint.

        a.     Defendants admit the allegations contained in paragraph 3a of the Complaint.

        b.     Defendants are without sufficient information to determine the truth or falsity of the allegations contained in paragraph 3b of the Complaint and, therefore, deny same.

        c.     Defendants are without sufficient information to determine the truth or falsity of the allegations contained in paragraph 3c of the Complaint and, therefore, deny same.

4824-9505-7266.1

        d.     Defendants are without sufficient information to determine the truth or falsity of the allegations contained in paragraph 3d of the Complaint and, therefore, deny same.

        e.     Defendants are without sufficient information to determine the truth or falsity of the allegations contained in paragraph 3e of the Complaint and, therefore, deny, same.

        f.     Defendants are without sufficient information to determine the truth or falsity of the allegations contained in paragraph 3f of the Complaint and, therefore, deny same.

4.    Defendants admit the allegations contained in the introduction of paragraph 4 (but not its subparts) of the Complaint.

        a.     Defendants deny the allegations in paragraph 4a of the Complaint.

**VENUE AND JURISDICTION**

5.    Upon information and belief, Defendants admit that jurisdiction in this Court is proper.

6.    Upon information and belief, Defendants admit that venue in this Court is proper.

**FACTUAL BACKGROUND**

7.    Defendants deny the allegations contained in paragraph 7 of the Complaint.

8.    Defendants admit that Plaintiff reported an injury on July 27, 2017, sought medical care, and filed a worker's compensation claim related to the injury. Defendants are without sufficient information to determine the truth or falsity of the remaining allegations contained in paragraph 8 of the Complaint and, therefore, deny same.

9.    Defendants admit that Plaza initially denied Plaintiff's workers' compensation claim. Defendants admit that Plaintiff appealed the denial of his claim. Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

10.    Defendants admit that Plaintiff filed a Request for a Hearing with the Industrial Commission of Arizona ("**ICA**") against Plaza. Defendants admit that ICA hearings took

3

1 | place on January 4, 2018, March 14, 2018, March 28, 2018, and April 25, 2018.  Defendants
2 | admit that on May 9, 2018, they accepted Plaintiff's workers' compensation claim and paid
3 | benefits.  Defendants admit that they paid the costs and expenses of the ICA hearing.
4 | Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

  11. Defendants deny the allegations contained in the introduction of paragraph 11 of the Complaint.

    a. Defendants deny the allegations contained in paragraph 11a of the Complaint.

    b. Defendants deny the allegations contained in paragraph 11b of the Complaint.

    c. Defendants deny the allegations contained in paragraph 11c of the Complaint.

    d. Defendants deny the allegations contained in paragraph 11d of the Complaint.

    e. Defendants deny the allegations contained in paragraph 11e of the Complaint.

    f. Defendants deny the allegations contained in paragraph 11f of the Complaint.

    g. Defendants deny the allegations contained in paragraph 11g of the Complaint.

  12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

  13. Defendants are without sufficient information to determine the truth or falsity of the allegations contained in paragraph 13 of the Complaint and, therefore, deny same.

  14. Defendants admit that the ICA retains jurisdiction to determine medical and disability benefits payable under the Arizona Workers' Compensation Act.  Defendants deny the remaining allegations contained in paragraph 14 of the Complaint.

///

///

**FIRST CLAIM FOR RELIEF – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AS TO DEFENDANTS PLAZA AND RTW**

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants admit that Plaza owed Plaintiff a duty to deal fairly and in good faith in the processing of Plaintiff's workers' compensation claim. Defendants deny the remaining allegations contained in paragraph 16 of the Complaint.

17. Defendants admit that RTW owed Plaintiff a duty to deal fairly and in good faith in processing Plaintiff's workers' compensation claim. Defendants deny the remaining allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in the introduction to paragraph 18 of the Complaint and deny the remaining allegations contained in each of the subparagraphs of paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

**SECOND CLAIM FOR RELIEF – AIDING AND ABETTING PLAZA'S BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING AS TO DEFENDANT RTW INC.**

20. Defendants are without sufficient information to determine the truth or falsity of the allegations contained in paragraph 20 of the Complaint and, therefore, deny same.

21. Defendants are without sufficient information to determine the truth or falsity of the allegations contained in paragraph 20 of the Complaint that Plaza ratified RTW's initial decision to deny Plaintiff's workers' compensation claim and, therefore, deny same. Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

**THIRD CLAIM FOR RELIEF – AIDING AND ABETTING PLAZA'S BREACH OF DUTY OF GOOD FAITH & FAIR DEALING AS TO DEFENDANT MR. SIME**

24. Defendants admit the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

4824-9505-7266.1

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

**FOURTH CLAIM FOR RELIEF – PUNITIVE DAMAGES**

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in the introduction to paragraph 34 of the Complaint and deny the allegations contained in each of the subparagraphs of paragraph 34 of the Complaint.

35. Defendants deny that Plaintiff is entitled to any relief, including that alleged in Counts One through Four of the Complaint

**AFFIRMATIVE DEFENSES**

36. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

37. Punitive damages on the facts alleged in Plaintiff's Complaint are barred by applicable law.

38. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of waiver.

39. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of estoppel.

40. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of mistake.

41. Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

42. Plaintiff's Complaint is barred, in whole or in part, by back charge, setoff, or counterclaim.

43. Plaintiff's Complaint is barred in whole or in part by accord and satisfaction.

44. Plaintiff's Complaint is barred in whole or in part by lack of privity.

45. Plaintiff's Complaint is barred in whole or in part by fraud.

46. Plaintiff's Complaint is barred in whole or in part by the economic loss doctrine.

47. Plaintiff's Complaint is barred in whole or in part by unclean hands.

48. Plaintiff's Complaint is barred in whole or in part by laches.

49. Plaintiff's injuries and damages as alleged in the Complaint were caused, contributed to, or exacerbated by the acts of other parties, or non-parties at fault.

50. Additional facts may be revealed by future discovery which support affirmative defenses available to but presently unknown by Defendants. Defendants reserve the right to amend or supplement their Answer with respect to affirmative defenses following further investigation and discovery.

**RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for relief as follows:

A. That Plaintiff take nothing from Defendants;

B. That all claims against Defendants be dismissed;

C. That the Court award Defendants their reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341, 12-341.01, and 12-349 or other applicable law;

D. Any further relief this Court deems just, fair, and equitable.

DATED this 19th day of September, 2018.

KUTAK ROCK LLP


By s/ *Paul S. Gerding Jr.*
Paul S. Gerding Jr.
Andrew L. McNichol
Suite 300
8601 N. Scottsdale Road
Scottsdale, AZ 85253

*Attorneys for Defendants*

7

4824-9505-7266.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2018, I caused the foregoing Defendants' Answer to Complaint to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following CM.ECF registrants:

Michael Patrick Doyle
Patrick M. Dennis
DOYLE LLP
2633 E. Indian School Road, Suite 320
Phoenix, AZ 85016
mdoyle@doylelawfirm.com
pdennis@doylelawfirm.com
*Attorneys for Plaintiff*

By: *s/ Myra Pensyl*

8

4824-9505-7266.1